NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENJIN LIANG, | No.    21-70736 |
| Petitioner, | Agency No. A205-172-929 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2022
Pasadena, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and AMON,[**] District
Judge.

Wenjin Liang petitions for review of an order of the Board of Immigration

Appeals (BIA) denying his motion to terminate proceedings and affirming the

immigration judge's decision denying his motion to reopen his *in absentia* removal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

order. We grant the petition, vacate the removal order, and remand to the agency with instructions to grant Liang's motion to terminate proceedings.

**1.** At Liang's *in absentia* removal hearing, the government failed to carry its "heavy burden" of proving that Liang was removable as charged by "clear, unequivocal, and convincing evidence." *Cortez-Acosta v. I.N.S.*, 234 F.3d 476, 481 (9th Cir. 2000) (per curiam) (citations omitted); *see* 8 U.S.C. § 1229a(b)(5)(A). The government submitted three items of evidence at Liang's removal hearing: the notice to appear, a subsequent notice of hearing, and Liang's 2012 asylum application. To support the charge of removability, the government relies here only on the asylum application, in which Liang did not indicate that he was currently attending Pacific States University in accordance with the terms of his student visa. But in the absence of other substantive evidence, the government cannot rely "solely upon the adverse inference drawn from . . . silence" to satisfy its burden of proof. *Urooj v. Holder*, 734 F.3d 1075, 1078 (9th Cir. 2013) (alteration in original) (citation omitted). This is particularly true in this case, as an asylum application is "not designed to elicit" information about current school attendance. *See Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013) (rejecting as unsupported an adverse inference predicated on petitioner's omission, from his citizenship application, of details of past persecution that the citizenship application was not designed to elicit). No reasonable adjudicator could find that

the government carried its burden to establish removability when it relied solely on a single omission from an application designed for an entirely different purpose.

The BIA reached a contrary conclusion only by erroneously placing the burden on Liang to prove that he was *not* removable as charged. The government does not defend the BIA's decision, but instead argues that we should remand the case for the BIA to reconsider Liang's argument that the government did not prove removability. A remand would not be proper here. Counsel for the government conceded at oral argument that the government would be precluded from offering new evidence on remand to support the charge in the notice to appear. The government had both an "ample opportunity to build the record" and "a full opportunity to litigate" the issue but nonetheless failed to compile sufficient evidence to prove Liang's removability. *Medina-Lara v. Holder*, 771 F.3d 1106, 1118–19 (9th Cir. 2014). Under these circumstances, the government's request for a remand amounts to little more than an unwarranted request for another bite at the apple—and a useless one, because it is clear that the record is insufficient to meet the government's burden, and the government has conceded it could not add to that record. *Id.*

Because we have concluded that the removability finding is not supported by substantial evidence, the immigration judge lacked statutory authority to order Liang removed *in absentia* and "the removal order must be vacated." *Al Mutarreb*

*v. Holder*, 561 F.3d 1023, 1031 (9th Cir. 2009). The government may issue a new notice to appear on new charges supported by new evidence or changed factual circumstances, but it may not relitigate a notice to appear that was subject to a final judgment on the merits. *Id.* Accordingly, we remand with instructions to grant Liang's motion to terminate his removal proceedings. *See Medina-Lara*, 771 F.3d at 1119.

**PETITION FOR REVIEW GRANTED.**